Civil Action No. 5:22-cv-323

# EXHIBIT 1

FILED
2/14/2022 3:07 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Krystal Torres
Bexar County - 225th District Court

Case 5:22-cv-00323   Document 1-1   Filed 04/01/22   Page 2 of 15
2 cit cml

## 2022CI02667

CAUSE NO. _____

| | | |
|---|---|---|
| JAMES M. SWEENEY, INDIVIDUALLY, | § | IN THE DISTRICT COURT OF |
| AND THE JAMES M. SWEENEY TRUST, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | BEXAR COUNTY, TEXAS |
| | § | |
| HOY HEALTH LLC AND | § | |
| HOY HEALTH CORPORATION, | § | |
| | § | |
| Defendants. | § | ____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION

Plaintiffs  James M. Sweeney, individually ("Mr. Sweeney") and James M. Sweeney, as

Trustee for the James M. Sweeney Trust ("The Sweeney Trust"), file this Original Petition

complaining of Hoy Health LLC and Hoy Health Corporation (collectively, "Hoy").

## I.
## DISCOVERY CONTROL PLAN

1.      Pursuant to the Texas Rules of Civil Procedure 190.4, Plaintiffs intend for

discovery to be conducted by a Level 3 discovery control plan.

## II.
## RULE 47 STATEMENTS

2.      Pursuant to Texas Rule of Civil Procedure 47(a), a short statement of the causes of

action sufficient to give fair notice of the claims involved are contained in the various sections set

forth below.

3.      Pursuant to Texas Rule of Civil Procedure 47(c)(4), Plaintiffs seek monetary relief

over $1,000,000.

4.      Pursuant to Texas Rule of Civil Procedure 47(b), the damages sought are within the jurisdictional limits of this Court.

## III.
## PARTIES

5.      Mr. Sweeney is an individual residing in Texas.

6.      The Sweeney Trust is a trust created under the laws of California with a principal place of business in Texas. Mr. Sweeney is the Trustee of the Sweeney Trust with standing to bring claims on its behalf.

7.      Upon information and belief, Hoy Health LLC is a Delaware limited-liability corporation with a principal place of business at 45 S. Park Place #228, Morristown, New Jersey 07960, and offices at 5723 University Heights Blvd., Suite 12, San Antonio, Texas 78249. Hoy Health LLC may be served through its registered agent, The Company Corporation, at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

8.      Upon information and belief, Hoy Health Corporation is a Delaware corporation with a principal place of business at 45 S. Park Place #228, Morristown, New Jersey 07960 and offices at 5723 University Heights Blvd., Suite 12, San Antonio, Texas 78249. Hoy Health Corporation may be served through its registered agent, National Registered Agents, Inc., at 1209 Orange Street, Wilmington, Delaware 19801.

## IV.
## JURISDICTION AND VENUE

9.      Plaintiffs seek monetary relief more than the minimum jurisdictional limits of this Court.

10.     Further support for jurisdiction is provided in Article V, Sections I and VIII of the Texas Constitution and Sections 24.007 and 24.008 of the Texas Government Code.

11.     The basis of the lawsuit involves events occurring in the State of Texas, and at all times relevant, Hoy had systematic and continuous contacts with the State of Texas.

12.     A substantial amount of the conduct described in this lawsuit occurred in Bexar County, Texas.

13.     Pursuant to Texas Civil Practice and Remedies Code Section 15.002(a)(1), venue is proper in Bexar County because Bexar County is where a substantial part of the events or omissions giving rise to the claims occurred.

14.     Alternatively, pursuant to Texas Civil Practice and Remedies Code Section 15.002(4), venue is proper in Bexar County because it is the county in which Mr. Sweeney resided at the time of the accrual of the causes of action.

## V.
## FACTS

***Background of Mr. Sweeney.***

15.     Mr. Sweeney is an iconic and prolific healthcare entrepreneur in advanced home care models and healthcare technologies.

16.     Mr. Sweeney is responsible for the establishment of the multi-billion-dollar home-infusion therapy industry and was an early pioneer in the remote-monitoring and telehealth sector.

17.     Mr. Sweeney founded twelve healthcare companies, including (a) Caremark, which was acquired by CVS in 2007 for $24 billion, (b) Coram, which was acquired by CVS in 2013 for $2.1 billion, and (c) CardioNet (BioTelemetry), which was sold to Philips in 2021 for $2.8 billion.

18.     In addition, throughout his storied six-decade career, Mr. Sweeney raised $2 billion in financing, including $500 million in venture-capital funds, $700 million in debt and $400 million in IPOs.

19.    Mr. Sweeney has successfully taken four companies public and led a leveraged buy out resulting in a 650% return to investors and 77% internal rate of return in less than four years.

20.    The $2 billion invested resulted in $30 billion exit value.

21.    In short, prior to Mr. Sweeney's association with Hoy, his reputation was not just sterling, but it was one of (if not the single most) impressive reputation in his industry

***Background of HFH.***

22.    One of Mr. Sweeney's most recent health-care companies was HomeFront Healthcare ("HFH"), for which he served as Executive Chairman and Founder, as well as a member of HFH's Board of Directors ("Board Seat").

23.    In the short period of time since HFH's advent early in 2019, Mr. Sweeney raised millions of dollars in financing for HFH, including convertible debt of: (1) $3 million from Bob Castellani through CCH HFH Holdings, LLC (with another $2 million that Mr. Castellani committed by binding contract to HFH in the future), (2) $2.5 million from Roy Block through RWBC Holdings, Inc., (3) $2.5 million from Sudhir Damle through Kivale Partners LLP, and (4) $300,000 from Craig Kruemwiede (collectively, the "Investors" who provided the "Investor Cash").

24.    Additionally, The Sweeney Trust invested approximately $800,000 into HFH ("Sweeney Investment"), making The Sweeney Trust the majority common stockholder in HFH and Mr. Sweeney (as the Trustee of The James M. Sweeney Trust) the individual with effective control over HFH ("HFH Company Control").

***The Transaction and the Fraud.***

25.    Effective August 18, 2021, Hoy, HFH, Mr. Sweeney, the Investors, and other HFH common stockholders entered a transaction through which The Sweeney Trust abandoned and

provided to Hoy the Sweeney Investment, and  Mr. Sweeney abandoned and provided to Hoy his HFH Company Control, his control over the Investor Cash, and his Board Seat.

26.    The Sweeney Trust and Mr. Sweeney entered the transaction in reliance on express representations: (a) made by Mario Anglada (acting in capacity of Chief Executive Officer of Hoy) and Rodrigo Rodriguez-Novas (acting in his capacity as Chief Financial Officer of Hoy), (b) made to Mr. Sweeney (acting in his individual capacity and as trustee of The Sweeney Trust), (c) between the period of June 2021 through August 2021 (*e.g.*, on a telephonic meeting of the Board of Directors of HFH on June 22, 2021 during which Mr. Anglada participated), (d) during telephone conferences and at office conferences at 5723 University Heights Blvd., Suite 12, San Antonio, Texas 78249, and (e) comprised of statements that *if* The Sweeney Trust would abandon and provide to Hoy The Sweeney Investment, and *if* Mr. Sweeney would abandon and provide to Hoy his HFH Company Control, his control over the Investor Cash, and his Board Seat, *then* Hoy would have Mr. Sweeney serve as its long-term Chief Strategy Officer at an annual salary of $300,000 and work as an integral part of the Hoy Management Team (collectively, "Misrepresentations").

27.    However, these Misrepresentations were false.

***The Fraud Revealed.***

28.    One month after the transaction through which The Sweeney Trust and Mr. Sweeney abandoned and provided to Hoy The Sweeney Investment, HFH Company Control, control over the Investor Cash, Mr. Sweeney's Board Seat, Hoy unceremoniously terminated Mr. Sweeney without any notice ("Termination").

29.    Due to the Termination: (a) Mr. Sweeney did not serve as Hoy's long-term Chief Strategy Officer, (b) Mr. Sweeney received only $25,000 in payments from Hoy (before taxes),

(c) and Mr. Sweeney did not serve as a part (let alone an integral part) of the Hoy Management Team (and, in fact, Hoy never even identified Mr. Sweeney on Hoy's website—either as its Chief Strategy Officer or in any other capacity).

30.     Hoy's purported reasoning that it provided to Mr. Sweeney for the Termination occurring only weeks after the transaction (through which The Sweeney Trust and Mr. Sweeney abandoned and provided to Hoy The Sweeney Investment, HFH Company Control, control over the Investor Cash, and Mr. Sweeney's Board Seat) was that Hoy determined—incredibly enough, for the very first time—that Hoy apparently lacked the financial resources to have a position of Chief Strategy Officer after all ("Purported Justification").

31.     Given the volume and materiality of the Misrepresentations, however, the Purported Justification was nothing short of a blatant fraud.

32.     Indeed, Hoy clearly used the Misrepresentations to induce The Sweeney Trust and Mr. Sweeney to abandon and provide to Hoy the Sweeney Investment, HFH Company Control, control over the Investor Cash, and Mr. Sweeney's Board Seat, when all the time, Hoy *knew* that it never intended to have Mr. Sweeney serve as its long-term Chief Strategy Officer at an annual salary of $300,000 or work as an integral part of the Hoy Management Team.

33.     At the very least, and even taking the Purported Justification at face value (which, given Hoy's due diligence prior to closing the Transaction would be an absurd presumption to take at face value), Hoy would have committed any number of negligent misrepresentations.

34.     Put simply, based on the Misrepresentations, Hoy swindled The Sweeney Trust and Mr. Sweeney out of the Sweeney Investment, the HFH Company Control, control over the Investor Cash, and Mr. Sweeney's Board Seat.

# VI.
# CAUSES OF ACTION

## First Cause of Action – Fraudulent Misrepresentation

35.     All the foregoing allegations are incorporated by reference for all purposes.

36.     Hoy made material misrepresentations to The Sweeney Trust and Mr. Sweeney, including the statements that if The Sweeney Trust and Mr. Sweeney (neither of whom were represented by counsel at the time) would abandon and provide Hoy with the Sweeney Investment, HFH Company Control, control over the Investor Cash, and Mr. Sweeney's Board Seat, then Hoy would have Mr. Sweeney serve as its long-term Chief Strategy Officer at an annual salary of $300,000 and work as an integral part of the Hoy Management Team.

37.     The Misrepresentations were false, as Hoy *never* intended to have Mr. Sweeney serve as its long-term Chief Strategy Officer at an annual salary of $300,000 or work as an integral part of the Hoy Management Team.

38.     At the time Hoy made the Misrepresentations, Hoy knew the Misrepresentations to be false.

39.     Hoy made the Misrepresentations with the intent that The Sweeney Trust and Mr. Sweeney rely on them and abandon and provide to Hoy The Sweeney Investment, HFH Company Control, control over the Investor Cash, and Mr. Sweeney's Board Seat.

40.     The Sweeney Trust Mr. Sweeney relied to their detriment on the Misrepresentations, and The Sweeney Trust and Mr. Sweeney abandoned and provided to Hoy The Sweeney Investment, HFH Company Control, control over the Investor Cash, and Mr. Sweeney's Board Seat.

41.     The Misrepresentations resulted in injuries to The Sweeney Trust, including the loss of the Sweeney Investment, which is approximately $800,000.00 (exclusive of interest or the increased value of the investment over time).

42.     The Misrepresentations also resulted in injuries to Mr. Sweeney, including loss of the HFH Company Control, control over the Investor Cash, and Mr. Sweeney's Board Seat.

43.     Additionally, the Misrepresentations caused Mr. Sweeney to suffer reputational damages, including as follows: (a) prior to the Misrepresentations and Termination, Mr. Sweeney maintained a superlative reputation as a prolific healthcare entrepreneur with abilities to raise investor financing; (b) due to the Misrepresentations and Termination, Mr. Sweeney's reputation in the industry and among potential investors suffered material damages, which in turn, impeded and continues to impede Mr. Sweeney's marketability to raise future investor financing and secure similar and/or future employment.

44.     The reliance damages sought by The Sweeney Trust and Mr. Sweeney do not depend on Mr. Sweeney's continued employment with Hoy.

45.     The harm under this cause of action with respect to which The Sweeney Trust and Mr. Sweeney resulted from fraud and/or malice.

46.     As remedies for fraudulent misrepresentation, The Sweeney Trust and Mr. Sweeney seek, among other things, actual damages, exemplary damages, and rescission of the transaction described in paragraph 25 above. *See* TEX. CIV. PRAC. & REM. CODE § 41.003; *Ginn v. NCI Bldg. Sys.*, 472 S.W.3d 802, 837 (Tex.App.—Houston [1st Dist.] 2015, no pet. h.) ("Rescission is an equitable remedy that operates to extinguish a contract that is legally valid but must be set aside due to fraud, mistake, or for some other reason to avoid unjust enrichment.").

**Second Cause of Action – Negligent Misrepresentation (Pleading in the Alternative)**

47.     All the foregoing allegations are incorporated by reference for all purposes.

48.     Hoy made the Misrepresentations to The Sweeney Trust and Mr. Sweeney in the course of Hoy's business or in a transaction in which Hoy had an interest.

49.     Hoy provided false information to The Sweeney Trust and Mr. Sweeney, including that if The Sweeney Trust and Mr. Sweeney (neither of whom were represented by counsel at the time) would abandon and provide Hoy the Sweeney Investment, HFH Company Control, control over the Investor Cash, and Mr. Sweeney's Board Seat, then Hoy would have Mr. Sweeney serve as its long-term Chief Strategy Officer at an annual salary of $300,000 and work as an integral part of the Hoy Management Team.

50.     Hoy provided this false information to The Sweeney Trust and Mr. Sweeney, including for the guidance of others, namely The Sweeney Trust and Mr. Sweeney.

51.     Hoy failed to exercise reasonable care or competence in obtaining or communicating information, including whether Hoy maintained or lacked the financial resources to maintain the position of Chief Strategy Officer, and by extension, whether Hoy maintained or lacked the financial resources to have Mr. Sweeney serve as Hoy's long-term Chief Strategy Officer at an annual salary of $300,000 and work as an integral part of the Hoy Management Team.

52.     The Sweeney Trust and Mr. Sweeney justifiably relied to their detriment on the Misrepresentations and abandoned and provided to Hoy The Sweeney Investment, HFH Company Control, control over the Investor Cash, and Mr. Sweeney's Board Seat.

53.     The Misrepresentations resulted in injuries to The Sweeney Trust, including the loss of the Sweeney Investment, which is approximately $800,000.00 (exclusive of interest or the increased value of the investment over time).

54.     The Misrepresentations also resulted in injuries to Mr. Sweeney, including loss of the HFH Company Control, control over the Investor Cash, and Mr. Sweeney's Board Seat.

55.     Additionally, the Misrepresentations caused Mr. Sweeney to suffer reputational damages, including as follows: (a) prior to the Misrepresentations and Termination, Mr. Sweeney maintained a superlative reputation as a prolific healthcare entrepreneur with abilities to raise investor financing; (b) due to the Misrepresentations and Termination, Mr. Sweeney's reputation in the industry and among potential investors suffered material damages, which in turn, impeded and continues to impede Mr. Sweeney's marketability to raise future investor financing and secure similar and/or future employment.

56.     The reliance damages sought by The Sweeney Trust and Mr. Sweeney do not depend on Mr. Sweeney's continued employment with Hoy.

57.     The harm under this cause of action with respect to which The Sweeney Trust and Mr. Sweeney resulted from gross negligence and/or malice.

58.     As remedies for fraudulent misrepresentation, The Sweeney Trust and Mr. Sweeney seek, among other things, actual damages, exemplary damages, and rescission of the transaction described in paragraph 25 above. *See* TEX. CIV. PRAC. & REM. CODE § 41.003; *Ginn v. NCI Bldg. Sys.*, 472 S.W.3d 802, 837 (Tex.App.—Houston [1st Dist.] 2015, no pet. h.) ("Rescission is an equitable remedy that operates to extinguish a contract that is legally valid but must be set aside due to fraud, mistake, or for some other reason to avoid unjust enrichment.").

### Third Cause of Action – Unjust Enrichment (Pleading in the Alternative)

59.     All the foregoing allegations are incorporated by reference for all purposes.

60.     Hoy wrongly secured or received the Sweeney Investment, HFH Company Control, control over the Investor Cash, and Mr. Sweeney's Board Seat.

61.     Hoy is unjustly enriched because it obtained the Sweeney Investment, HFH Company Control, control over the Investor Cash, and Mr. Sweeney's Board Seat by fraud and the taking of undue advantage.

62.     The fraud and taking of undue advantage included Hoy making material and knowingly false Misrepresentations to The Sweeney Trust and Mr. Sweeney that if The Sweeney Trust and Mr. Sweeney (neither of whom were represented by counsel at the time) would abandon and provide Hoy with the Sweeney Investment, HFH Company Control, control over the Investor Cash, and Mr. Sweeney's Board Seat, then Hoy would have Mr. Sweeney serve as its long-term Chief Strategy Officer at an annual salary of $300,000 and work as an integral part of the Hoy Management Team.

63.     As remedies for unjust enrichment, The Sweeney Trust and Mr. Sweeney seek, among other things, quasi-contract or restitution, by returning to The Sweeney Trust and Mr. Sweeney the Sweeney Investment, HFH Company Control, control over the Investor Cash, and Mr. Sweeney's Board Seat. Further, The Sweeney Trust and Mr. Sweeney seek rescission of the transaction described in paragraph 25 above. *See Ginn v. NCI Bldg. Sys.*, 472 S.W.3d 802, 837 (Tex.App.—Houston [1st Dist.] 2015, no pet. h.) ("Rescission is an equitable remedy that operates to extinguish a contract that is legally valid but must be set aside due to fraud, mistake, or for some other reason to avoid unjust enrichment.").

## IX.
## PRAYER

64.     Plaintiffs respectfully pray that the Court enter judgment in their favor and against Defendants on each of Plaintiffs' claims, as set forth above.

65.     Plaintiffs further respectfully pray that after a trial on the merits, the Court shall grant Plaintiffs their actual damages, exemplary damages, rescission, quasi contract/restitution,

costs of court, pre-judgment interest, post-judgment interest, and all other and further relief, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

/s/ Lawrence Morales II
LAWRENCE MORALES II
State Bar No. 24051077
ALLISON S. HARTRY
State Bar No. 24083149
**THE MORALES FIRM, P.C.**
6243 IH-10 West, Suite 132
San Antonio, Texas 78201
Telephone No. (210) 225-0811
Facsimile No. (210) 225-0821
lawrence@themoralesfirm.com
ahartry@themoralesfirm.com

**ATTORNEYS FOR PLAINTIFFS JAMES M. SWEENEY, INDIVIDUALLY THE JAMES M. SWEENEY TRUST**

# CIVIL CASE INFORMATION SHEET

| CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____ | COURT *(FOR CLERK USE ONLY)*: _____ |
|---|---|

**STYLED** James M. Sweeney and The James M. Sweeney Trust v. Hoy Health, LLC and Hoy Health Corporation
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted with an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| Name: Lawrence Morales II | Email: lawrence@themoralesfirm.com |
|---|---|
| Address: 6243 W. Interstate 10, #132 | Telephone: 210-225-0811 |
| City/State/Zip: San Antonio, TX 78201 | Fax: 210-225-0821 |
| Signature: | State Bar No: 24051077 |

### Names of parties in case:

Plaintiff(s)/Petitioner(s):
James M. Sweeney and The James
M. Sweeney Trust

Defendant(s)/Respondent(s):
Hoy Health, LLC and
Hoy Health Corporation

[Attach additional page as necessary to list all parties]

### Person or entity completing sheet is:
- [x] Attorney for Plaintiff/Petitioner
- [ ] *Pro Se* Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: _____

Additional Parties in Child Support Case:

Custodial Parent: _____

Non-Custodial Parent: _____

Presumed Father: _____

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

#### Civil

**Contract**

*Debt/Contract*
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [x] Fraud/Misrepresentation
- [ ] Other Debt/Contract:

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation
- *Malpractice*
  - [ ] Accounting
  - [ ] Legal
  - [ ] Medical
  - [ ] Other Professional Liability:
- [ ] Motor Vehicle Accident
- [ ] Premises
- *Product Liability*
  - [ ] Asbestos/Silica
  - [ ] Other Product Liability List Product:
- [ ] Other Injury or Damage:

**Real Property**
- [ ] Eminent Domain/ Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus— Pre-indictment
- [ ] Other:

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

**Tax**
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

#### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void
- *Divorce*
  - [ ] With Children
  - [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

#### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings

- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other: _____

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:
- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

### 4. Indicate damages sought *(do not select if it is a family law case)*:
- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100, 000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [x] Over $1,000,000

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lawrence Morales on behalf of Lawrence Morales II
Bar No. 24051077
lawrence@themoralesfirm.com
Envelope ID: 61726707
Status as of 2/15/2022 8:12 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lawrence Morales II | | lawrence@themoralesfirm.com | 2/14/2022 3:07:24 PM | SENT |