UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES M. SWEENEY, INDIVIDUALLY; AND THE JAMES M. SWEENEY TRUST, | § § § § | |
| *Plaintiffs*, | § | Civil Action No. SA-22-CV-00323-XR |
| v. | § § | |
| HOY HEALTH LLC, HOY HEALTH CORPORATION, CCH HFH HOLDINGS, LLC, | § § § § | |
| *Defendants*. | § § | |

## ORDER

On this date, the Court considered Defendants' second motion to dismiss (ECF No. 29), Plaintiffs' response (ECF No. 31), and Defendants' reply (ECF No. 32). After careful consideration, the Court issues the following order.

### BACKGROUND[1]

Plaintiffs in this case are James M. Sweeney ("Sweeney") and James M. Sweeney in his capacity as Trustee ("Trustee") for the James M. Sweeney Trust ("Trust"). Defendants in the case are Hoy Health LLC and Hoy Health Corporation (collectively, "Hoy") and CCH HFH Holdings, LLC ("CCH").

This case arises out of a transaction to sell HomeFront Healthcare ("HFH") to Hoy. Sweeney served as HFH Executive Chairman and Founder, as well as a member of HFH's Board

---

[1] The facts in this section are based on the allegations in Plaintiffs' first amended complaint, ECF No. 16, which the Court accepts as true for purposes of the motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

of Directors. ECF No. 16 at 3. Sweeney alleges he raised millions of dollars in financing for HFH, including the convertible debt of:

> (1) $3 million from Bob Castellani through CCH HFH Holdings, LLC (with another $2 million that Mr. Castellani committed by binding contract to HFH in the future),
> (2) $2.5 million from Roy Block through RWBC Holdings, Inc.,
> (3) $2.5 million from Sudhir Damle through Kivale Partners LLP, and
> (4) $300,000 from Craig Kruemwiede (collectively, the "Investors" who provided the "Investor Cash").

*Id*. at 4. The Sweeney Trust also invested approximately $800,000 into HFH ("Sweeney Investment"). *Id*.

Hoy, HFH, Sweeney, the Investors, and other HFH common stockholders began to explore a potential business merger in the summer of 2021. *Id*. On August 18, 2021, they "entered a transaction through which The Sweeney Trust abandoned and provided to Hoy the Sweeney Investment, and Sweeney abandoned and provided to Hoy his HRH Company Control, his control over the Investor Cash, and his Board Seat." *Id*. at 5.

Sweeney alleges in his first amended complaint that he entered into the above transaction in reliance on various express representations:

> (a) made by Mario Anglada (acting in capacity of Chief Executive Officer of Hoy) and Rodrigo Rodriguez-Novas (acting in his capacity as Chief Financial Officer of Hoy),
> (b) made to Mr. Sweeney (acting in his individual capacity and as trustee of The Sweeney Trust),
> (c) between the period of June 2021 through August 2021 (e.g., on a telephonic meeting of the Board of Directors of HFH on June 22, 2021 during which Mr. Anglada participated),
> (d) during telephone conferences and at office conferences at 5723 University Heights Blvd., Suite 12, San Antonio, Texas 78249, and
> (e) comprised of statements:
>> [1] that *if* The Sweeney Trust would abandon and provide to Hoy The Sweeney Investment, and *if* Mr. Sweeney would abandon and provide to Hoy his HFH Company Control, his control over the Investor Cash, and his Board Seat, *then* Hoy would have Mr. Sweeney serve as its long-term Chief

>> Strategy Officer at an annual salary of $300,000 and work as an integral part of the Hoy Management Team [and]
>
> [2] *if* Mr. Sweeney and the Sweeney Trust continued fundraising efforts on behalf of HFH and Hoy after the transaction, and *if* Mr. Sweeney and the Sweeney Trust raised a set amount of financing, Mr. Sweeney and the Sweeney Trust would receive a specified ownership interest in Hoy itself. Specifically, Mr. Sweeney would be awarded [REDACTED]% ownership in Hoy if he successfully raised equity capital at a pre-money valuation of $[REDACTED] million in the 24 months following the transaction close).[2]

*Id*. at 5–6. Plaintiff refers to the statements above as the misrepresentations. *Id*. at 6.

Sweeney alleges that one month after the close of the transaction, he was "unceremoniously terminated . . . without any notice." *Id*. Sweeney alleges that his termination resulted in the following:

> (a) Mr. Sweeney did not serve as Hoy's long-term Chief Strategy Officer,
> (b) Mr. Sweeney received only $25,000 in payments from Hoy (before taxes),
> (c) and Mr. Sweeney did not serve as a part (let alone an integral part) of the Hoy Management Team (and, in fact, Hoy never even identified Mr. Sweeney on Hoy's website either as its Chief Strategy Officer or in any other capacity).

*Id*. at 6–7. Sweeney alleges his reputation has suffered severely, making it "impossible for [him] to raise the set funds specified in the transaction and to, in turn, become a partial owner of Hoy. This impact is unrelated to Sweeney's continued employment with Hoy. In other words, but for the Termination's reputational impact, Mr. Sweeney could have and would have succeeded in raising additional funds for HFH and Hoy and become a partial owner of Hoy even if he did not continue to work for HFH and Hoy." *Id*. at 7.

---

[2] Figures are redacted in Sweeney's first amended complaint, as well as in Defendants' motion to dismiss. *See* ECF Nos. 16, 29.

Sweeney alleges that "Hoy clearly used the Misrepresentations to induce The Sweeney Trust and Mr. Sweeney to abandon and provide to Hoy the Sweeney Investment, HFH Company Control, control over the Investor Cash, and Mr. Sweeney's Board Seat, when all the time, Hoy knew that it never intended to have Mr. Sweeney serve as its long-term Chief Strategy Officer at an annual salary of $300,000 or work as an integral part of the Hoy Management Team." *Id*. at 8. He further alleges that Hoy also knew that "the reputational harm to Mr. Sweeney would make it impossible for him to raise money and, in turn, become a part owner of Hoy." *Id*.

Plaintiff Sweeney alleges the following causes of action: fraudulent misrepresentation against Hoy Defendants, declaratory judgment against Hoy Defendants (that the transaction at issue is void for lack of consideration or, in the alternative, failure of consideration), and conspiracy against all Defendants, and, pleading in the alternative, negligent misrepresentation and unjust enrichment against the Hoy Defendants. *See id*. at 9–17.

Plaintiffs filed suit against Defendants in the 255th Judicial District of Bexar County on February 14, 2022. ECF No. 1-1. Defendants removed this case on April 1, 2022. ECF No. 1. Defendants filed a motion to dismiss on May 8, 2022. ECF No. 10. On May 27, 2023, Plaintiffs filed their first amended complaint against Defendants. ECF No. 16. After failing to comply with Local Rule CV-7, limiting motions to 20 pages, Defendants Hoy LLC, Hoy Corp., CCH, and Castellani filed their restated second motion to dismiss on August 10, 2022. ECF No. 29. Defendants move to dismiss all claims asserted by Plaintiffs Sweeney and Trust pursuant to Rules 8, 9(b), and 12(b)(6) and, pursuant to Rule 12(e), Defendant Castellani moves to dismiss the claim against him for lack of personal jurisdiction.

Plaintiffs filed their response on August 23, 2022. ECF No. 31. Therein, Plaintiffs consented to Defendant Castellani's dismissal from the case without prejudice. *Id*. at 19. The

Court therefore proceeds with its analysis only as it relates to the pending claims remaining against Defendants Hoy LLC, Hoy Corp., and CCH.

Defendants' motion to dismiss includes eleven attached exhibits (the various transaction contracts and documents). In general, a court addressing a motion under Rule 12(b)(6) "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (citation omitted). But when a pleading references documents that are central to a claim, the Court may consider such documents if attached to the motion to dismiss. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). "A document is central to a claim when it is 'necessary to establish an element' of the claim." *Pylant v. Cuba*, No. 3:14-CV-0745-P, 2015 WL 12753669, at *2 (N.D. Tex. Mar. 6, 2015) (quoting *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011)). However, "if the operative pleading references a document that 'is merely evidence of an element' of a claim, the courts do not incorporate it into the pleading." *Id.* (same).

Because Plaintiffs' first amended complaint references the transaction, the Court finds it proper to consider the attached exhibits without converting the pending motion to dismiss into a motion for summary judgment. Plaintiffs do not dispute the Court's consideration of the attached exhibits. *See* ECF No. 31.

## DISCUSSION

### I.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

5

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find

inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions").

## II. Analysis

### A. Trust's Claims

Defendants, in their motion to dismiss, seek to dismiss The Sweeney Trust for lack of capacity to bring the lawsuit. ECF No. 29 at 30. Plaintiffs, in their response, clarify that the first amended complaint was filed by "Plaintiff James M. Sweeney, individually . . . and James M. Sweeney, *as Trustee* for the James M. Sweeney Trust." ECF No. 31 at 18 (quoting ECF No. 16 at 1) (emphasis added). Because Sweeney is bringing claims on behalf of the Trust, the Court finds that he is a proper party to this suit in both his individual capacity and in his capacity as Trustee of the James M. Sweeney Trust.

The Clerk is **DIRECTED** to amend the caption of this case on the docket, removing The James M. Sweeney Trust from the caption and amending James M. Sweeney to read as "James M. Sweeney, individually and in his capacity as Trustee of the James M. Sweeney Trust." The Court will refer to Plaintiff Sweeney, individually and as Trustee for the James M. Sweeney Trust, as Plaintiff for the remainder of this Order.

### B. Choice of Law

Defendants' motion to dismiss implicates potential choice-of-law analysis. Choice-of-law decisions can be resolved at the motion to dismiss stage when factual development is not necessary to resolve the inquiry. *Energy Coal v. CITGO Petroleum Corp.*, 836 F.3d 457, 459 (5th Cir. 2016); *see also Fortune v. Taylor Fortune Grp., LLC*, 620 Fed. Appx. 246, 247–48 (5th Cir. 2015).

In diversity cases, the law of the forum state governs that inquiry. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941). Under Texas law, contractual choice-of-law provisions are typically enforced. *Smith v. EMC Corp.*, 393 F.3d 590, 597 (5th Cir. 2004). The Court first notes that the transaction contracts uniformly provide that they shall be "governed by," "construed," "interpreted," and/or "enforced" in accordance with Delaware law. ECF No. 29-1 at 20 (August 18, 2021 Contribution and Reorganization Agreement) ("This Agreement shall be governed by, and shall be construed and interpreted in accordance with, the laws of the State of Delaware"). Second, the Court notes that the Employment Letter provides for the application of New Jersey law. ECF No. 29-7 at 4 (Employment Letter) ("The terms of this letter and the resolution of any dispute as to the meaning, effect, performance or validity of this letter or arising out of, related to, or in any way connected with, this letter, your employment with the Company or any other relationship between you and the Company (a 'Dispute') will be governed by the laws of the State of New Jersey, without giving effect to the principles of conflict of laws.").

The Court notes, however, that because resolving the pending claims will yield the same outcome when analyzed under Texas, Delaware, or New Jersey law, the Court need not conduct any further choice-of-law analysis.

### C. Causes of Action

#### 1. Fraudulent Misrepresentation against Hoy Defendants

In Texas, to state a claim for fraud, a plaintiff must show that: "(1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the

8

representation; and (7) the representation caused the plaintiff injury." *Schnurr v. Preston*, No. 5:17-CV-512-DAE, 2018 WL 8584292, at *3 (W.D. Tex. May 29, 2018) (citing *D&R Constructors Inc. v. Texas Gulf Energy Inc.*, No. 01:15-CV-604, 2016 WL 4536959, at *14 (Tex. App.—Houston [1st. Dist.] Aug. 30, 2016).[3]

Under Texas, New Jersey, and Delaware law, a plaintiff cannot reasonably or justifiably rely on alleged oral representations that contradict the express terms of an unambiguous contract.[4] Defendants contend, and the Court agrees, that Plaintiff's fraud claims are therefore barred because he cannot reasonably or justifiably rely on alleged misrepresentations about future employment and ownership interests in Hoy that contradict the express terms of the various, unambiguous contracts at issue in this case. First, the Employment Letter expressly disavows any obligation of continued employment, which is the basis of Sweeney's first alleged misrepresentation.[5] *See* ECF No. 19-7 at 2 ("At-Will Employment. Your employment with the

---

[3] Under Delaware law, the elements of fraud are: "(1) a false representation of (or concealment of) a fact; (2) defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth; (3) an intent to induce the plaintiff or to cause plaintiff to refrain from acting; (4) [plaintiff's] action or inaction taken in justifiable reliance upon the representation; and (5) damage to plaintiff as a result of such reliance." *Norman v. Elkin*, 860 F.3d 111, 130 (3d Cir. 2017) (quoting *Yarger v. ING Bank, fsb*, 285 F.R.D. 308, 327 (D. Del. 2012)). Similarly, to establish fraud under New Jersey law, "a plaintiff must prove that 'the defendant made (1) a material misrepresentation of present or past fact (2) with knowledge of its falsity (3) with the intention that the other party rely thereon (4) and which resulted in reasonable reliance by plaintiff.'" *Read v. Profeta*, 397 F. Supp. 3d 597, 635 (D.N.J. 2019) (citing *Lightning Lube v. Witco Corp.*, 4 F.3d 1153, 1182 (3d Cir. 1993)). "Without reasonable reliance on a material misrepresentation, an action in fraud must fail. Reliance is an essential element of common law fraud." *Triffin v. Automatic Data Processing, Inc.*, 394 N.J. Super. 237, 249, 926 A.2d 362, 369 (App. Div. 2007).

[4] In Texas, "reliance upon an oral representation that is directly contradicted by the express, unambiguous terms of a written agreement between the parties is not justified as a matter of law." *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001). In New Jersey, "the express terms of a contract may not be contradicted by any evidence of a prior agreement or of a contemporaneous oral agreement . . ." *Evonik Corp. v. Hercules Grp., Inc.*, CV167098JMVJBC, at *6 (D.N.J. Oct. 18, 2018). In Delaware, "sophisticated parties may not reasonably rely on representations that are inconsistent with a negotiated contract, when that contract contains a provision explicitly disclaiming reliance upon such outside representations." *J.C. Trading Ltd. v. Wal-Mart Stores, Inc.*, 947 F. Supp. 2d 449, 458 (D. Del. 2013) (quoting *St. James Rec., LLC v. Rieger Opportunity Partners, LLC*, 2003 WL 22659875, at *3 (Del.Ch. Nov. 5, 2003) (internal quotations and citation omitted)).

[5] The Court notes that Plaintiff Sweeney distinguishes between promises of continued employment (which he alleges is the basis for Defendants' motion to dismiss) and future employment. The Court holds that as it relates to this first misrepresentation, the alleged oral representation of future employment is one and the same as a promise of continued employment, and, because it is at-will employment, is not a reasonable basis for a party to rely upon such an alleged promise.

9

Company is 'at-will.' Either you or the Company can terminate your employment at any time for any reason, with or without cause and with or without notice, without liability except as expressly set forth in this letter. No representative of the Company has authority to enter into any agreement contrary to the foregoing 'employment at will' relationship."). The Sweeney Option Agreement similarly disavows any obligation of continued employment. *See* ECF No. 29-6 at 7 ("Your option is not an employment or service contract, and nothing in your option will be deemed to create in any way whatsoever any obligation on your part to continue in the employ of the Company or an Affiliate, or of the Company or an Affiliate to continue your employment. In addition, nothing in your option will obligate the Company or an Affiliate, their respective stockholders, Boards of Directors, Officers or Employees to continue any relationship that you might have as a Director or Consultant for the Company or an Affiliate."). With regard to the second alleged misrepresentation about future ownership interests in Hoy, Sweeney did receive a stock option grant which would vest upon satisfaction of certain conditions precedent. *See* ECF No. 29-5 at 2 ("[REDACTED] shares of Class A Common Stock subject to Option shall vest only in the event that the Company successfully raises [REDACTED] in equity capital at a pre-money valuation [REDACTED] or more in the 24 months following the Date of Grant"). Sweeney cannot have reasonably or justifiably relied on either of these misrepresentations because both contradicted express terms of the transaction contract. Sweeney's response to Defendants' motion to dismiss did not discuss this argument, wholly failing to address the fact that a party cannot reasonably or justifiably rely on an alleged oral representation that contradicts the express terms of an unambiguous contract.

The Court therefore concludes that, since the elements underlying fraudulent misrepresentation claims in all three states require that Plaintiff relied on the misrepresentations

and share the same standards for what constitutes reasonable reliance, application of the law from any of the three states yields the same outcome in this case. For the foregoing reasons, Plaintiff Sweeney's fraudulent misrepresentation claims fail as a matter of law and must be dismissed.

### 2. Negligent Misrepresentation Against Hoy Defendants (Pleading in the Alternative)

A plaintiff, to state a claim for negligent misrepresentation in Texas, must allege the following four elements: "(1) the defendant made a representation in the course of his business, or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplied the false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered a pecuniary loss by justifiably relying on the representation." *Schnurr*, 2018 WL 8584292, at *5 (internal citation and quotation marks omitted).

A party must actually and *justifiably* rely on a misrepresentation for the claimed reliance to give rise to a claim or defense of fraud. *Travelers Cas. & Sur. Co. of Am. v. Padron*, No. SA-15-CV-00200-DAE, 2019 WL 369157, at *8 (W.D. Tex. Jan. 30, 2019), *report and recommendation adopted*, No. 5:15-CV-200-DAE, 2019 WL 1602018 (W.D. Tex. Mar. 22, 2019) (quoting *DRC Parts & Accessories, L.L.C. v. VM Motori, S.P.A.*, 112 S.W.3d 854, 858 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (en banc)). "Therefore, reliance upon an oral representation that is directly contradicted by the express, unambiguous terms of a written agreement between the parties is not justified as a matter of law." *DRC Parts & Accessories, L.L.C.*, 112 S.W.3d at 858.[6] Because Sweeney cannot be said to have reasonably and justifiably

---

[6] Again, Delaware and New Jersey law require a party to justifiably rely on a misrepresentation. *See, e.g.*, *Carrow v. Arnold*, No. CIV.A. 182-K, 2006 WL 3289582, at *11 (Del. Ch. Oct. 31, 2006), *aff'd*, 933 A.2d 1249 (Del. 2007) ("It is unreasonable to rely on oral representations when they are expressly contradicted by the parties'

relied on the alleged misrepresentations about future employment and ownership options, both of which contradict the express terms of the transaction contracts, Sweeney's claim for negligent misrepresentation, similar to his fraud claim, fails as a matter of law.

### 3. Conspiracy Against All Defendants

Defendants contend, and the Court agrees, that because Plaintiff's civil conspiracy claim against all Defendants is based upon the underlying fraud claims which the Court has dismissed, the conspiracy claim fails alongside it and must likewise be dismissed.

In Texas, civil conspiracy requires the following five elements: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 241 F. Supp. 3d 737, 771 (quoting *Apani Sw., Inc. v. Coca–Cola Enters.*, 300 F.3d 620, 635 (5th Cir. 2002). A defendant's liability for civil conspiracy "is derivative of an underlying tort; without independent tortious conduct, there is no actionable civil conspiracy claim." *McKinney/Pearl Rest. Partners, L.P.*, 241 F. Supp. 3d at 772.[7]

Because claims for civil conspiracy in Texas, Delaware, and New Jersey all require an underlying tort, and because Plaintiff's alleged underlying tort, fraudulent and/or negligent misrepresentations about continued employment and ownership interest in Hoy have been dismissed, so too must the civil conspiracy claim. Plaintiff attempts to distinguish his civil conspiracy claim in his response to Defendants' motion to dismiss, arguing that the conspiracy

---

written agreement.") (applying Delaware law); *Evonik Corp.*, CV167098JMVJBC, at *6 ("[T]he express terms of a contract may not be contradicted by any evidence of a prior agreement or of a contemporaneous oral agreement . . .") (applying New Jersey law).

[7] In Delaware, the "law requires an independent tort underlying a civil conspiracy. As such, the breach of contract claims cannot serve as a predicate for the alleged civil conspiracy." *OptimisCorp v. Waite*, No. CV 8773-VCP, 2015 WL 5147038, at *56 (Del. Ch. Aug. 26, 2015), *aff'd*, 137 A.3d 970 (Del. 2016). In New Jersey, "cases sustaining civil conspiracy claims are based on underlying intentional torts." *Lewis v. Airco, Inc.*, No. A-3509-08T3, 2011 WL 2731880, at *32 (N.J. Super. Ct. App. Div. July 15, 2011) (collecting cases).

was not with regard to employment, but rather was related to efforts "to delay funding and increase pressure for Sweeney to complete the transaction." ECF No. 31 at 15. As Defendants contend in their reply, however, Sweeney has not raised any independent claims concerning funding obligations, and civil conspiracy claims must be based on an underlying tort. ECF No. 32 at 11. Defendants also correctly point out that CCH's obligations for funding are specified in the Note Purchase Agreement. *See* ECF No. 29-9 at 2–3 ("The remainder of the [REDACTED] in committed investment funds shall be paid to the Company in accord with the Company's forecasted needs as illustrated in a budget prepared by management and approved by the board of directors on or before March 31, 2021 . . . ."). This is an express condition precedent to CCH's financing obligation and Plaintiff advances no independent claims concerning this obligation in his first amended complaint. Rather, the alleged tort underlying the basis of Sweeney's claims are the fraudulent and/or negligent misrepresentations. These alleged misrepresentations are not a proper basis for a civil conspiracy claim when the Court, as it has done here, has found there is no underlying tort to support the civil conspiracy claim.

Plaintiff is granted leave to amend his complaint with regard to the civil conspiracy claim and to allege facts, if they exist, in support of his theory that Defendants conspired to delay funding by sufficiently pleading an underlying tort connected with the civil conspiracy theory he advances.

### 4. Declaratory Judgment Against Hoy Defendants

Plaintiff seeks a declaratory judgment "that the transaction at issue in this lawsuit is void for lack of consideration or, in the alternative, failure of consideration." ECF No. 16 at 12. This claim fails as a matter of law and must be dismissed because the transaction contracts demonstrate that legal consideration was exchanged. Applying Delaware law, consideration

requires only that there is "a benefit of a promisor or a detriment to a promise pursuant to the promisor's request." *SARN Energy LLC v. Tatra Def. Vehicle A.S.*, No. CVN17C06355EMDCCLD, 2018 WL 5733385, at *5 (Del. Super. Ct. Oct. 31, 2018) (internal citation omitted).[8]

The Contribution Agreement specifically acknowledged the sufficiency of consideration in support of the transaction. *See* ECF No. 29-1 at 1 ("NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and agreements contained in this Agreement, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows . . . ."). The Sweeney Stock Warrant also indicated the sufficiency of consideration. *See* ECF No. 29-4 at 2 ("THIS CERTIFIES THAT, for $10.00 and other valuable consideration received by HOY HEALTH CORPORATION . . . ."). Sweeney received, in exchanged for relinquishing control of HFH, his HFH Board Seat, the Investor Cash, and the Sweeney Investment, the Sweeney Stock Warrant, the Sweeney Stock Options, and other contractual rights pursuant to the Contribution Agreement. *See, e.g.*, ECF Nos. 29-1, 29-4, 29-5, 29-6.

Defendants contend, and the Court agrees, that Sweeney's satisfaction with the deal is an irrelevant inquiry at this motion to dismiss juncture. The correct inquiry is whether there was consideration to support the transaction, which the Court concludes there was. Such consideration is not examined for fairness or adequacy. *See Cox Commc'ns, Inc. v. T-Mobile US, Inc.*, 273 A.3d 752, 764 (Del. 2022), *reargument denied* (Mar. 22, 2022).

---

[8] Texas and New Jersey law require the same of consideration. *See, e.g., Kunz v. Mach. Repair & Maint., Inc.*, No. 14-00-00422-CV, 2001 WL 1288995, at *2 (Tex. App. Oct. 25, 2001) ("Consideration consists of benefits and detriments to the contracting parties. It may consist of some right, interest, or profit, or benefit that accrues to one party, or, alternatively, of some forbearance, loss or responsibility that is undertaken or incurred by the other party.") (applying Texas law) (internal quotations and citations omitted); *see also Sipko v. Koger, Inc.*, 214 N.J. 364, 380–81 (2013) ("Consideration is a bargained-for exchange of promises or performance that may consist of an act, a forbearance, or the creation, modification, or destruction of a legal relation. . . ." Courts generally do not weigh the value of consideration but rather assess whether it exists.) (applying New Jersey law) (internal quotations and citations omitted).

Finally, Sweeney argues that, because his claim for a declaratory judgment is an alternative cause of action, it should be permitted to proceed to discovery. The Court disagrees. The Court concludes, for the reasons explained above, that there was legal consideration sufficient to support the HFH transaction, and therefore Plaintiff's inclusion of this "alternate claim[] in the event the Court or a jury concludes that the HFH transaction was either not supported by consideration or there was a failure of consideration, such that the contract is unenforceable or otherwise not valid" (ECF No. 32 at 9) must be dismissed because recovery under this theory fails as a matter of law when there was consideration to support the transaction. Because the transaction was supported by legal consideration, Plaintiff's claim for a declaratory judgment "that the transaction at issue in this lawsuit is void for lack of consideration or, in the alternative, failure of consideration" fails and must be dismissed.

  5.  **Unjust Enrichment Against Hoy Defendants (Pleading in the Alternative)**

Plaintiff also brings an unjust enrichment claim against the Hoy Defendants as a pleading in the alternative. For the same reasons that the declaratory judgment claim fails as a matter of law, so too does Plaintiff's claim for unjust enrichment. The Court has concluded that the HFH transaction was supported by an express contract and legal consideration.

Texas law provides that, "[g]enerally speaking, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory . . . ." *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) (noting that parties should be bound by their express agreements) (internal citations omitted). "When a valid agreement already addresses the matter, recovery under an equitable theory is generally inconsistent with the express agreement." *Id*. (internal citations omitted). "Accordingly, when a party claims that it is owed more than the payments called for under a contract, there can be no recovery

15

for unjust enrichment if the same subject is covered by [the] express contract. *Id.*[9] Because the Court has already found that the HFH transaction was supported by a valid and binding contract as well as legal consideration, Plaintiff's unjust enrichment claim fails as a matter of law.

### D. Leave to Amend

A district court's discretion to deny leave to amend is cabined by the Federal Rule of Civil Procedure's bias in favor of granting leave. *Chupka*, 2021 WL 2722812, at *6; *see also Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000). Accordingly, a district court must have a "substantial reason to deny leave to amend." *Id.* (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). In making that determination, courts examine the following considerations: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). A proposed amendment is futile if the complaint, as amended, would still be subject to dismissal. *See Stripling*, 234 F.3d at 872–73 (5th Cir. 2000). Having considered the above factors, the Court **GRANTS** Plaintiff Sweeney leave to amend his complaint with regard to his conspiracy claim. With regard to Plaintiff's claims for fraudulent misrepresentation, negligent misrepresentation, declaratory judgment, and unjust enrichment, amending the complaint would be futile. The transaction

---

[9] Delaware law provides that, "[w]hen a claim for unjust enrichment is within the same subject matter of an express contract, recovery is governed by that contract and a claim for unjust enrichment is unavailable." Further, while "Delaware allows parties to plead unjust enrichment claims alternatively to their breach-of-contract claims . . . [,] pleading unjust enrichment in the alternative is generally only allowed when there is doubt surrounding the enforceability or the existence of the contract. *Envolve Pharmacy Sols., Inc. v. Rite Aid Headquarters. Corp.*, No. CVN19C12214PRWCCLD, 2021 WL 140919, at *9 (Del. Super. Ct. Jan. 15, 2021), *reargument denied*, No. CVN19C12214PRWCCLD, 2021 WL 855866 (Del. Super. Ct. Mar. 8, 2021) (internal quotation marks and citation omitted). New Jersey law similarly provides that "unjust enrichment is not available when there is a valid contract between the parties." *Katz v. Amit Ne., LLC*, 320CV01289BRMDEA, 2021 WL 2680184, at *4 (D.N.J. June 29, 2021) (citing *Caputo v. Nice-Pak Prod., Inc.*, 300 N.J. Super. 498, 507, 693 A.2d 494, 498 (App. Div. 1997)).

contracts bar these claims because the alleged oral misrepresentations contradict the express terms in the contract; these claims therefore fail as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendants' second motion to dismiss Plaintiff's first amended complaint is **GRANTED.** Plaintiff's claims are **DISMISSED WITH PREJUDICE**. Plaintiff has **fourteen days** from the date of this Order to amend his complaint to state claims upon which relief can be granted, otherwise the case will be dismissed in its entirety.

The Clerk is **DIRECTED** to amend the caption of this case on the docket, removing The James M. Sweeney Trust from the caption and amending James M. Sweeney to read as "James M. Sweeney, individually and in his capacity as Trustee of the James M. Sweeney Trust."

It is so **ORDERED**.

**SIGNED** this 3rd day of March, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE