UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JAMES M. SWEENEY, INDIVIDUALLY AND IN HIS CAPACITY AS TRUSTEE OF THE JAMES M. SWEENEY TRUST;<br><br>*Plaintiff*,<br><br>v.<br><br>HOY HEALTH LLC, HOY HEALTH CORPORATION, CCH HFH HOLDINGS, LLC,<br><br>*Defendants*. | Civil Action No. SA-22-CV-00323-XR |

## **ORDER**

On this date, the Court considered Plaintiff's Motion for Partial Reconsideration and Amendment of Dismissal Order and Judgment (ECF No. 41), Defendant's response (ECF No. 43), and Plaintiff's reply (ECF No. 44). After careful consideration, the Court **GRANTS** the motion.

## BACKGROUND

Plaintiff in this case is James M. Sweeney ("Sweeney"), individually and in his capacity as Trustee for the James M. Sweeney Trust. Defendants in the case are Hoy Health LLC and Hoy Health Corporation (collectively, "Hoy") and CCH HFH Holdings, LLC ("CCH"). As the parties to this case are extensively familiar with the facts, the Court includes only those necessary to resolve the pending motion for reconsideration.[1]

---

[1] Additional background information can be found in the Court's March 3, 2023 Order granting Defendants' motion to dismiss. *See* ECF No. 39.

1

This case arises out of a transaction to sell HomeFront Healthcare ("HFH") to Hoy. Sweeney served as HFH Executive Chairman and Founder, as well as a member of HFH's Board of Directors. ECF No. 16 at 3.

Plaintiff originally filed suit against Defendants in the 255th Judicial District of Bexar County on February 14, 2022, asserting the following claims: fraudulent misrepresentation against Hoy Defendants, declaratory judgment against Hoy Defendants (that the transaction at issue is void for lack of consideration or, in the alternative, failure of consideration), and conspiracy against all Defendants, and, pleading in the alternative, negligent misrepresentation and unjust enrichment against the Hoy Defendants. ECF No. 1-1. Defendants removed this case on April 1, 2022. ECF No. 1.

On August 10, 2022, Defendants filed a motion to dismiss all claims asserted by Plaintiff (ECF No. 29), which the Court granted on March 3, 2023 (ECF No. 39). In its Order granting Defendants' motion to dismiss, the Court granted Sweeney leave to amend his complaint with regard to his conspiracy claim but otherwise determined that amending the complaint with regard to the claims for fraudulent misrepresentation, negligent misrepresentation, declaratory judgment, and unjust enrichment would be futile. ECF No. 39 at 16–17. The Court gave Plaintiff fourteen days to amend his complaint with regard to his conspiracy claim from the date of the Order granting Defendants' motion to dismiss. *Id.* at 17. No amended complaint was filed within fourteen days and no extension was requested. The Court therefore issued its final judgment dismissing the case in its entirety on March 21, 2023, pursuant to FED. R. CIV. P. 58. ECF No. 40.

On March 30, 2023, Plaintiff Sweeney timely filed his Motion for Partial Reconsideration, seeking reconsideration and amendment of the Court's Order granting

Defendants' motion to dismiss (ECF No. 39) and the Final Judgment (ECF No. 40), to permit Sweeney to bring a single cause of action, fraudulent misrepresentation. Plaintiff challenges the Court's conclusion that Hoy's alleged misrepresentation about Sweeney's future ownership interests in the company was "oral" and "contradicted express terms of the transaction contract" as a manifest error. ECF No. 41 at 2 (quoting ECF No. 39 at 10).

## DISCUSSION

Plaintiff asks the Court to reconsider its March 3, 2023 Order, and March 20, 2023 Final Judgment. ECF Nos. 39, 40. Plaintiff argues that Federal Rule of Civil Procedure Rule 59(e) provides a basis for the Court to "rectify its own mistakes in the period immediately following its decision. ECF No. 41 at 4.

### I.   Legal Standard

Federal Rule of Civil Procedure 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." FED. R. CIV. P. 59(e). Rule 59(e) allows a court "to prevent a manifest injustice" by altering or amending a judgment upon a timely motion. *Id.*; *see also Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

There are three limited circumstances in which such a motion may be granted: (1) to correct a manifest error of law or fact, (2) to account for newly discovered evidence, or (3) to accommodate an intervening change in controlling law. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). The only ground alleged in this case is "manifest error." To find such an error, the error must be "plain and indisputable" and one "that amounts to a complete disregard of the controlling law." *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 311 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1037 (2018).

3

A Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issues." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Nor can it be used to "relitigate old matters" that have already been resolved. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting § 2810.1 Grounds for Amendment or Alteration of Judgment, 11 Fed. Prac. & Proc. Civ. § 2810.1 (2d ed.)); *see also Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) ("[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."). A Rule 59(e) motion "calls into question the correctness of a judgment" and "is an extraordinary remedy that should be used sparingly." *Id*. at 478–79 (internal citations omitted). A court, in considering such a motion, must balance "the need to bring litigation to an end" and "render just decisions on the basis of all the facts." *Id*. at 479.

## II.   Analysis

Sweeney uses his motion for reconsideration as an opportunity to further clarify his first amended complaint. He argues that his first amended complaint included allegations that he relied on "'express representations' including some oral, and others *in writing*." ECF No. 44 at 5. The paragraph from his first amended complaint that Plaintiff cites, however, alleges only express, oral representations. In relevant part, the first amended complaint provides that Sweeney entered into the transaction in reliance on **express representations**:

> (a) made by Mario Anglada (acting in capacity of Chief Executive Officer of Hoy) and Rodrigo Rodriguez-Novas (acting in his capacity as Chief Financial Officer of Hoy),
> (b) made to Mr. Sweeney (acting in his individual capacity and as trustee of The Sweeney Trust),
> (c) between the period of June 2021 through August 2021 (e.g., on a **telephonic meeting** of the Board of Directors of HFH on June 22, 2021 during which Mr. Anglada participated),
> (d) during **telephone conferences and at office conferences** at 5723 University Heights Blvd., Suite 12, San Antonio, Texas 78249, and

4

> (e) comprised of statements:
>> [1] that *if* The Sweeney Trust would abandon and provide to Hoy The Sweeney Investment, and *if* Mr. Sweeney would abandon and provide to Hoy his HFH Company Control, his control over the Investor Cash, and his Board Seat, *then* Hoy would have Mr. Sweeney serve as its long-term Chief Strategy Officer at an annual salary of $300,000 and work as an integral part of the Hoy Management Team [and]
>>
>> [2] *if* Mr. Sweeney and the Sweeney Trust continued fundraising efforts on behalf of HFH and Hoy after the transaction, and *if* Mr. Sweeney and the Sweeney Trust raised a set amount of financing, Mr. Sweeney and the Sweeney Trust would receive a specified ownership interest in Hoy itself. Specifically, Mr. Sweeney would be awarded [REDACTED]% ownership in Hoy if he successfully raised equity capital at a pre-money valuation of $[REDACTED] million in the 24 months following the transaction close).

ECF No. 16 ¶ 24.

In its Order granting Defendants' motion to dismiss, however, the Court did ultimately recognize that the second alleged oral representation had been memorialized in writing. ECF No. 39 at 10. The Court held, in relevant part:

> With regard to the second alleged misrepresentation about future ownership interests in Hoy, Sweeney did receive a stock option grant which would vest upon satisfaction of certain conditions precedent. *See* ECF No. 29-5 at 2 ("[REDACTED] shares of Class A Common Stock subject to Option shall vest only in the event that the Company successfully raises [REDACTED] in equity capital at a pre-money valuation [REDACTED] or more in the 24 months following the Date of Grant").

ECF No. 39 at 10. With regard to the second alleged misrepresentation about future ownership interests in Hoy, this representation was therefore ultimately included within the transaction agreements. The Court's rationale for dismissing the fraudulent misrepresentation claim because it was an oral representation that contradicted the express terms of the transaction contracts was therefore incorrect.

5

In his motion to reconsider, Plaintiff Sweeney emphasizes that the second alleged misrepresentation was not oral and was rather based on the text of the Sweeney option grant notice cited above (and memorialized in writing).

He alleges that the basis to his fraudulent misrepresentation claim is that Defendants induced him to sign the stock option grant while intending to never provide Sweeney with the opportunity to meet fundraising goals. "To be clear, Defendant promised Sweeney both orally and in writing that, if he successfully raised a specific amount of money within 24 months, he would be entitled to a specified number of vested shares in Defendants. Defendants allege once again that Sweeney could have paid for a partial interest in Defendants by exercising his stock warrants. There is a substantial difference between paying for partial ownership by raising other peoples' money. Defendants' continued citation to the stock warrants is irrelevant to the misrepresentations at issue." ECF No. 44 at 7. Ultimately, he alleged that "Defendants induced him to enter into the stock option grant, while all along, Defendants were intending to interfere with Sweeney's ability to ever vest that ownership and therefore make it impossible for him to raise money and, in turn, become a part owner of Hoy." ECF No. 44 at 12 (internal quotation marks and citations omitted).

Because the Court incorrectly concluded that the basis for Plaintiff's fraudulent misrepresentation claim stemmed from the oral and express misrepresentations cited in his first amended complaint (and not the Sweeney stock option grant), the Court finds it appropriate to correct its error and permit Plaintiff to file a second amended complaint.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 41) is **GRANTED**.

Plaintiff has **fourteen days** from the date of this Order to file a second amended complaint, stating his claim for fraudulent misrepresentation (and if he so chooses, his conspiracy claim).

The Clerk is **DIRECTED** to **REOPEN** this case.

It is so **ORDERED**.

**SIGNED** this June 20, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE