IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES M. SWEENEY, INDIVIDUALLY AND IN HIS CAPACITY AS TRUSTEE OF THE JAMES M. SWEENEY TRUST;<br>*Plaintiff*<br><br>-vs-<br><br>HOY HEALTH LLC, HOY HEALTH CORPORATION<br>*Defendants* | § § § § § § § § § § | SA-22-CV-00323-XR |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On this date the Court considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation in the above-numbered and styled case, filed May 16, 2024. ECF No. 63.

Plaintiff James M. Sweeney alleges that Defendants Hoy Health LLC and Hoy Health Corporation induced him to enter a corporate transaction whereby Defendants acquired a company that Plaintiff previously controlled, HomeFront Healthcare ("HFH"). ECF No. 46 at 8–11. Plaintiff raised over $10 million in financing commitments for HFH, and he personally invested approximately $800,000 in the company. *Id.* at 3–5.

In August 2021, Plaintiff and HFH investors and stockholders closed a business transaction with Defendants, providing Defendants with control over HFH, control over the investor cash Plaintiff had raised, and Plaintiff's seat on the HFH board. *Id.* at 4. In exchange, Defendants promised to hire Plaintiff as Chief Strategy Officer with an annual salary of $300,000, and additionally to provide Plaintiff with a specific number of vested shares of stock if he successfully raised a specific amount of money within 24 months. *Id.* at 4–5. Plaintiff alleges, however, that prior to entering into the agreement, Defendants developed a scheme to terminate Plaintiff within

1

a month, thereby damaging Plaintiff's reputation to the point that he could not raise sufficient money to obtain the shares that had been promised. *Id.* at 5–6.

Plaintiff filed this lawsuit in Texas state court on February 14, 2022; Defendants removed it to this Court on April 1, 2022. *See* ECF No. 1. Plaintiff subsequently amended his complaint against Defendants. ECF No. 16. Although the Court dismissed this complaint on June 20, 2023 (ECF No. 45), it permitted Plaintiff to file a Second Amended Complaint. ECF No. 46. Despite obtaining extensions of time to respond, Defendants never answered the Second Amended Complaint. *See* ECF Nos. 47, 48, and 49. Defense counsel withdrew from the case, and the Court directed the Clerk of Court to enter default against Defendants after they failed to obtain legal counsel pursuant to the Court's order directing them to do so. *See* ECF Nos. 50, 51, 52, and 53. Plaintiff then filed a motion for default judgment on November 20, 2023. ECF No. 54. On February 9, 2024, the Court referred this case to Magistrate Judge Bemporad for disposition of pretrial matters. ECF No. 58.

The Second Amended Complaint alleged two causes of action against Defendants: fraudulent misrepresentation and conspiracy. ECF No. 46 at 8–13. Although Plaintiff originally sought default judgment on both causes of action (ECF No. 54), he filed a supplemental motion for default judgment withdrawing the request for judgment with regard to the conspiracy claim, and instead sought judgment only as to the fraudulent misrepresentation claim. ECF No. 62 at 1.

The Magistrate Judge recommended that the Court grant in part Plaintiff's motion for default judgment (ECF No. 54) and grant Plaintiff's supplemental motion for default judgment (ECF No. 62). ECF No. 63 at 1. Specifically, because Plaintiff withdrew his request for relief on the conspiracy claim, the Magistrate Judge recommended dismissing that claim without prejudice under Federal Rule of Civil Procedure 41(a)(2), and otherwise granting Plaintiffs' motion for

default judgment and supplemental motion for default judgment (ECF Nos. 54, 62) with respect to Plaintiff's only remaining claim, fraudulent misrepresentation. ECF No. 63 at 5.

The Magistrate Judge also recommended that default judgment be entered on Plaintiff's claim of fraudulent misrepresentation as follows:

- Judgment for Plaintiff in the amount of $2,688,041.33;[1]
- Pre-judgment interest from February 14, 2022, until the day before judgment is entered, at the rate set by Texas Finance Code §304.104;[2]
- Post-judgment interest pursuant to 28 U.S.C. § 1961(a);[3] and
- Costs to be submitted by Plaintiff within 14 days of the entry of judgment.

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation was mailed on May 16, 2024. ECF No. 63. On June 3, 2024, the Court received a "Rejection of Service of Process" dated May 28, 2024 with respect to service of the Report and

---

[1] Plaintiff requested "benefit of the bargain damages." ECF No. 54 at 13. Such damages are measured by the difference between the value as represented and the value received, allowing the injured party to recover profits that would have been made had the bargain been performed as promised. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 49–50 (Tex. 1998). The Magistrate Judge concluded that Plaintiff submitted affidavit and documentary evidence at an April 18, 2024 hearing supporting the value of the vested shares of stock Plaintiff would have received as part of his agreement with Defendants. ECF No. 63 at 7. The evidence included a Stock Option Grant Notice from Defendants providing Plaintiff with the opportunity to receive—at no cost to Plaintiff—282,061 shares of Hoy Stock. ECF No. 54-1 at 5. The evidence also included a Warrant to Purchase Shares identifying the price-per-share value of the stock as $9.53. *Id.* at 2, 8. The benefit of the bargain that Plaintiff sought to recover was thus the value of each share multiplied by the number of shares ($2,688,041.33).

[2] The applicable interest rate is the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation, unless that rate is less than five percent or more than fifteen percent. TEX. FIN. CODE § 304.003(c). As of June 27, 2024, the prime rate as published by the Board of Governors of the Federal Reserve System is 8.50%. *Selected Interest Rates (Daily)*, FEDERAL RESERVE BOARD, https://www.federalreserve.gov/releases/h15/ (last visited June 27, 2024).

[3] The federal post-judgment interest rate is governed by 28 U.S.C. § 1961(a), which sets the rate at the weekly average one-year constant maturity Treasury yield for the calendar week preceding the date of judgment. For civil judgments entered between June 24 – June 30, 2024, the federal post-judgment interest rate is 5.1%. *Post Judgment Interest Rates,* JNET, https://jnet.ao.dcn/financial-management/accounting/post-judgment-interest-rates (last visited June 27, 2024).

Recommendation (ECF No. 63) on Defendant Hoy Health Corporation. *See* ECF No. 65. On June 10, 2024, the Court issued an Order directing the Clerk to mail a copy of the Report and Recommendation to the registered agent of Defendant Hoy Health Corporation as listed on the website of the Delaware Department of State, Division of Corporations. ECF No. 66. The Clerk mailed the Report and Recommendation to this address on June 10, 2024. ECF No. 67.

No objections have been filed. Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation. A separate judgment in favor of Plaintiff shall issue in accordance with Rule 58.

It is so **ORDERED**.

**SIGNED** this 27th day of June, 2024.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE